UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
WILLIE JAMES PRICE,                     )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        Civil Action No. 05-0624  (PLF)
                                        )
COLLEGE PARK HONDA, <u>et al.</u>,      )
                                        )
            Defendants.                 )
_____)


<u>OPINION</u>

This matter is before the Court on a total of twenty motions filed by the plaintiff

and the defendants in this case.  Plaintiff, proceeding *pro se*, claims that defendants violated his

rights under the Equal Protection Clause of the Fourteenth Amendment, as well as his civil rights

under the Constitution.  Fourteen defendants have filed motions to dismiss on various grounds,

including Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff has filed two motions to amend his complaint, a motion to "change" a defendant and a

motion to file a letter.  Two defendants have filed motions to strike a document filed by the

plaintiff entitled "Affidavits."


I.  BACKGROUND

*A.  Procedural History*

Plaintiff filed a *pro se* complaint on March 25, 2005, against fifteen named

defendants, alleging generally that these defendants violated his rights under the Equal Protection

Clause of the Fourteenth Amendment and his civil rights under the Constitution.  Following

receipt of motions to dismiss from defendants Prince George's County, Lindsay Cadillac,

Fitzgerald Cadillac, SunTrust Bank, Dimensions Health Care System, John M.G. Murphy,

Capitol Cadillac, College Park Honda, and AAA Mid-Atlantic, Inc., and pursuant to the Court of

Appeals' decision in Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court issued an order

advising *pro se* plaintiff that failure to respond to those motions on or before May 23, 2005

would be treated as concessions of the motions which could result in the dismissal of his

complaint with respect to those defendants.  On April 28, 2005, plaintiff filed a document

entitled "Affidavits," a motion to amend his complaint, and a motion to change the defendant.

Following receipt of motions to dismiss from defendants Robert Spagnoletti,

American Honda Motor Company, Bank of America, and Nationwide Mutual Insurance

Company, the Court issued a second order pursuant to Fox v. Strickland, on November 18, 2005,

advising the plaintiff that failure to respond to these motions on or before December 9, 2005

would be treated as concessions of the motions and could result in the Court dismissing his

complaint with respect to those defendants.  The defendant filed a response to this Order on

November 29, 2005.

### B.    *Plaintiff's Allegations*

Plaintiff's complaint begins: "Federal Question Claim Under the Fourteenth

Amendment To the Constitution invoking equal Protection Clause, discrimination differential

Treatment Preference or Prejudice Race, Color the Above said action Violate the Plaintiff Civil

Rights under the Constitution."  Complaint at 1 (spelling corrected).[1]   Following this general

---

[1]     Plaintiff appears to have taken this language directly from an opinion dismissing one of plaintiff's prior complaints in this Court: "[T]he *pro se* plaintiff's complaint alleging equal protection violations failed to state a claim upon which relief could be granted because the

statement, plaintiff makes various claims against various defendants in nine numbered paragraphs.

These claims seem to center on several different disputes he has had with various of the defendants and other persons and entities regarding credit and banking issues many of which appear to have been previously litigated in other courts. Except for his claim against the Attorney General for the District of Columbia, the complaint contains no references to any bases in law or equity for the claims he brings other than the Equal Protection Clause of the Fourteenth Amendment. Regarding his claim against the District of Columbia, Mr. Price also claims that the District's actions constitute "extortion, racketeering, civil rights" under the "Truth in Lending Law." Complaint ¶ 7.

Mr. Price's complaint appears to allege the following: (1) Sears, Roebuck and Co. charged plaintiff's account for charges he never made; (2) after plaintiff co-signed a car loan for a Mrs. Taylor, College Park Honda insisted on registering the car in Mr. Price's name against his wishes; (3) Spellman Nursing Home, in which Mr. Price's mother-in-law lived, and which is

---

plaintiff failed to allege facts to support the claim, and the plaintiff did not use any words or phrases invoking the Equal Protection Clause of the Fourteenth Amendment, such as equal protection, discrimination, differential treatment, preference, or prejudice." See Price v. Crestar Securities Corp., 44 F. Supp. 2d 351, 353 (D.D.C. 1999) (citation omitted).

Plaintiff has filed at least three prior complaints in this Court, all of which were dismissed. See Price v. Crestar Securities Corp., 44 F. Supp. 2d 351 (D.D.C. 1999); Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28 (D.D.C. 1999); Price v. von Kann, 1987 WL 137656 (D.D.C. June 30, 1987). Plaintiff appears also to have filed complaints in United States District Courts located in both Virginia and Maryland, all of which were dismissed and the dismissals of which were affirmed by the Fourth Circuit. See Price v. McCormack, 30 Fed. App'x 168 (4th Cir. 2002) (E.D. Va.); Price v. State of Maryland, 865 F.2d 1259, 1988 WL 142912 (Dec. 27, 1988 4th Cir. (Md.)); Price v. McColugh, 838 F.2d 467, 1988 WL 4628 (Jan. 14, 1988 4th Cir. (Md.)).

owned by "Prince George's County Attorney Murphy" sued Mr. Price for a Medicare bill after her death that had already been paid; (4) Mr. Price was sold a warranty policy that was not paid in full by AAA and that somehow, related to this, a Lindsay Cadillac manager made a harmful statement about what Capitol Cadillac had told her; (5) Mr. Price filed an action in the Circuit Court of Alexandria, Virginia regarding AAA's failure to pay and "Shearton Broadway" was joined as a defendant; (6) Mr. Price bought a time share from "Shearton Broadway Plantation," but never received his promised time in South Carolina in 2001 (presumably in a hotel time share); (7) the District of Columbia failed to give Mr. Price a trial by jury in two Superior Court cases and he has not heard from the Attorney General about these cases since mailing him a letter; (8) plaintiff closed an account at Bank of America, the bank charged him an overdraft fee, would not remove the charges after it had been paid, notified a credit reporting agency, and harassed him by telephone; and (9) Nationwide Mutual Insurance Company refused to pay a claim to plaintiff after a car accident that occurred in 1994.  Along with his complaint plaintiff filed copies of the following: two pages of a "Medicare Summary Notice," a "Notice to Home Loan Applicant and Credit Score Disclosure," two letters from Sun Trust Bank, a letter from American Honda Finance Corporation, an IRS Form 1099-R, a letter from the District of Columbia Office of the Attorney General, a letter from WFS Financial Inc., and a letter from Bank of America.  He gives no explanation of the meaning or import of these documents to his claims.

Plaintiff's "Affidavits" document in response to the first order of the Court requiring a response to the first set of motions to dismiss begins in a fashion similar to his complaint: "Federal Question, Civil Rights, Equal Protection Clause, discrimination, differential

Treatment Preference or Prejudice, Race, Color Fair Housing Law, Truth in Lending Law Denied

Loan All Cases Violate the Plaintiff Civil Rights."  Affidavits at 1 (with spelling corrected).

Plaintiff filed along with his "Affidavits" copies of a letter from Sun Trust Bank and two pages

of an account Statement from SunTrust Bank.  The "Affidavits" document contains additional

allegations against various defendants, but does not address any of the arguments made by the

defendants in their motions to dismiss.  Similarly, plaintiff's response to the Court's second order

requiring a response to the second set of motions to dismiss contains additional allegations

against the various defendants, but no arguments directly addressing or rebutting the arguments

made by the defendants in their motions to dismiss.

## II.   DISCUSSION

### A. Plaintiff's Motions and Defendants' Motions to Strike

#### 1. Motions to Amend Complaint

Plaintiff filed his first  motion to amend the complaint on April 28, 2005.  Under

Rule 15(a), a plaintiff may amend a complaint once "as a matter of course" prior to the service of

a responsive pleading.  Thereafter, the Court may grant a plaintiff's motion to amend the pleading

"when justice so requires."  FED. R. CIV. P. 15(a).  As of April 28, 2005, one of the fifteen

captioned defendants, Sears, Roebuck and Co. ("Sears") had filed a "responsive pleading," that

is, an answer to defendant's complaint.  Several of the defendants oppose plaintiff's motion to

amend, arguing that it alleges no new facts or legal theories and therefore is futile.  See Lindsay

Cadillac Company's Opposition to Plaintiff's Motion to Amend Complaint; Fitzgerald Cadillac's

Opposition to Plaintiff's Motion to Amend Complaint; Dimensions Health Care System and John

M.G. Murphy's Response to Plaintiff's Motion to Amend; Capitol Cadillac Company's

Opposition to Plaintiff's Motion to Amend Complaint; Opposition of AAA Mid-Atlantic Inc. to Plaintiff's Motion to Amend Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a). See, e.g., Davis v. Liberty Mutual Insurance Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments" (citations omitted)). The presumption favoring amendment may be overcome, however, where there is "any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). A futile motion to amend would include one in which the amended complaint clearly would not survive a motion to dismiss. See also James Madison Limited v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

Plaintiff's first proposed amended complaint contains new allegations against new defendants.  It does not contain the allegations of the original complaint.  If he were permitted to amend his complaint, he would thereby eliminate the specific allegations made in his original complaint against every one of the defendants (although the original complaint does not itself contain specific complaints against each defendant).  The Court assumes that plaintiff intends this proposed amended complaint to supplement rather than to replace the previous one.  Because the plaintiff is proceeding *pro se*, the Court will analyze the proposed amendments together with the original complaint as the proposed amended complaint.

Plaintiff seeks in the amended complaint to add several new defendants to this

action, including Chesapeake Cadillac Jaguar, Attorney Diana H. Metcalf, American Heritage Insurance Company, MBNA American Bank, National City, Bank One, and District of Columbia Banking and Insurance Department.   The plaintiff does not show how the new allegations he makes and the new defendants he names are related to the original allegations such that these parties should be joined in this action.   The Court also notes that in the new claims proposed by Mr. Price, he himself states that at least one of these claims was previously litigated in a Maryland court and that one of the proposed additional defendants is his former attorney in a different matter.   Plaintiff's (First) Permission to Amend ¶¶ 1, 3.   For these reasons, the motion to amend will be denied.

Mr. Price has a history of filing multiple lawsuits against judges and attorneys in cases where he evidently was displeased with the outcome.   In or around 1987, he sued a Maryland state court judge in the United States District Court for the District of Maryland, alleging (much as he has here against the District of Columbia's Attorney General) that he was denied a trial by jury.   Price v. McCoulgh, 838 F.2d 467 (4th Cir. 1988) (Unpublished).   Around the same time, and apparently concerning the same matter, he sued a District of Columbia Superior Court judge in this Court for precluding him from litigating the issue previously litigated before the Maryland courts.   Price v. Von Kann, 1987 WL 13765, No. 87-0612 (D.D.C. June 30, 1987)

Mr. Price's second proposed supplementary or amended complaint, filed on August 25, 2005, is almost a duplicate of the first proposed amended complaint except that he adds an additional page with allegations against SunTrust Bank, one of the original 15 defendants and previously unmentioned in the original complaint.   Allowing the additional allegations

against SunTrust would be futile because the amended complaint would still not survive the motion to dismiss, as discussed below.  The Court will deny this motion as well.

### 2.   Motion to Change Defendant

On the same day that he filed his first motion to amend the complaint, plaintiff also filed a motion to "Change Defendant," requesting that the Court substitute as defendant Prince George's County, Maryland instead of Prince George's County.  Motion to Change Defendant at 1.  In fact, the current captioned defendant is not "Prince George's County," but "Prince George's County Attorney."  Nevertheless, the Court will treat this as a motion to amend the complaint, and will grant plaintiff's motion to amend the complaint to substitute Prince George's County, Maryland for defendant Prince George's County Attorney, in accordance with the liberal amendment policy allowed by Rule 15(a) of the Federal Rules of Civil Procedure.  See, e.g., Davis v. Liberty Mutual Insurance Co., 871 F.2d at 1136-37.  Permitting this amendment is not futile because it renders moot the arguments made by defendant Prince George's County Attorney (discussed further below) that it is not the proper party against whom to bring this action.

### 3.   Motions to Strike

In response to plaintiff's "Affidavits" filed on April 28, 2005, defendants College Park Honda and Capitol Cadillac Company  filed motions to strike these "Affidavits," arguing that this filing did not constitute a proper affidavit in accordance with Rule 56(e) of the Federal Rules of Civil Procedure because it is not based on personal knowledge and does not set forth facts which affirmatively demonstrate plaintiff's competence to testify as to the facts therein. Capitol Cadillac Company's Motion to Strike Affidavit; College Park Honda's Motion to Strike

Affidavit.  The Court recognizes that these so-called "Affidavits" may not properly constitute affidavits under the Federal Rules.  It will not strike the document, however, as it was filed after the Court's first order directing the plaintiff to respond to the first set of motions to dismiss in opposition to the motions to dismiss, and it appears to be in response to the Court's order.  The Court will treat the "Affidavits" document as an opposition to the first set of motions to dismiss.

4.   Motion to File Letter

On May 19, 2005, the plaintiff filed a motion to file a letter, captioned "Sun Trust Bank" and stating that "The record show extortion by the bank since complaint was file [sic]." Motion to File Letter at 1.  The attached letter appears to be from the plaintiff to an attorney named Glen Silver alleging that after the filing of the original complaint, SunTrust Bank took various actions against plaintiff, such as removing money from his account and not sending statements to the plaintiff. Id. at 3.  Also included are several bank account statements from SunTrust Bank for an account held by Mr. Price and his wife, an account statement from J.C. Penney, and a letter from SunTrust Bank informing the plaintiff that his bank account has a negative balance.  Id. at 5-10.  The Court will deny the motion to file the letter and attachments. The Court's docket is not to be used to file letters between parties or between a party and another individual or various unexplained documents.  See Pigford v. Veneman, 225 F.R.D. 54, 59 (D.D.C. 2005) ("There are generally two types of documents that are appropriately filed in a court:  pleadings (complaints, answers, counterclaims, etc.) which either state a claim or respond to a claim, and motions (oppositions, responses, etc.) which are used to bring before a court for resolution disputes involving the claims in the case or the procedures to be followed."). Furthermore, the events described in the letter Mr. Price seeks to file have no relevance to his

9

claims before the Court against SunTrust Bank, coming as they do after the filing of the complaint.

B.   *Defendants' Motions to Dismiss*

1.   Subject Matter Jurisdiction

The plaintiff begins his complaint by invoking federal question jurisdiction pursuant to the Equal Protection Clause of the Fourteenth Amendment.  See Complaint at 3;  see 28 U.S.C. § 1331.  He elaborates on this claim by alleging race and color discrimination and prejudice which violate his "civil rights under the Constitution."  Id. In each of the nine numbered paragraphs of the complaint, Mr. Price reiterates this basis for his claims at the end of each paragraph by stating "race an [sic] color in case" or "race an [sic] color in matter." See Complaint ¶¶ 1-9.

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from "mak[ing] or enforc[ing] any law which shall abridge the privileges or immunities of citizens of the United States."  The Equal Protection Clause, however, protects only against state action, that is, discriminatory conduct taken by a state or a person or entity acting as an agent of a state, as opposed to private conduct which, "however discriminatory or wrongful," is not protected by the Equal Protection Clause.  Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172 (1972) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974) ("the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself.").  Plaintiff's complaint does not allege state action, as required under the Equal Protection Clause, against any of the defendants.  Furthermore, all but one of the

defendants is not a state actor; all but two are not even governmental entities, and none of the many private defendants are alleged in the complaint to have acted on behalf of a state.

Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See Srour v. Barnes, 670 F. Supp. 18, 20, (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). All of the defendants have moved for dismissal of the complaint arguing for dismissal based on an absence of subject matter jurisdiction, although not all on the basis that plaintiff has not properly alleged an equal protection claim. Nonetheless, because subject matter jurisdiction "goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*," this Court will consider the argument with respect to all defendants. Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996).

A plaintiff -- even a *pro se* plaintiff -- bears the burden of establishing that the Court has subject matter jurisdiction. See Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993); District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). Although a district court may dispose of a motion to dismiss on the basis of the complaint alone, a court may consider materials beyond the pleadings when evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992) ("[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). While the complaint is to be

11

construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  See Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43, 47 (D.D.C. 2003).

With the exception of Prince George's County and Robert Spagnoletti (Attorney General of the District of Columbia), all of the defendants in this case are private, non-governmental entities.  Although this fact has not been demonstrated in the complaint or by the parties through evidence, the Court is confident – based on the parties' representations, the nature of the business they conduct, and matters (outside the complaint) of which the Court may take judicial notice – that these defendants are private companies and persons.[2]  Furthermore, Mr. Price has not pled any state action on the part of any of the defendants.  See Groman v. Township of Manalapan, 47 F.3d 628, 638-39 (3d Cir. 1995) (citing Jackson v. Metropolitan Edison Co., 419 U.S. at 351) ("A private action is not converted into one under color of state law merely by some tenuous connection to state action.  The issue is . . . whether the action taken can be fairly attributed to the state itself.").

As for Mr. Spagnoletti, even in his official capacity as the Attorney General for the District of Columbia, the Fourteenth Amendment's Equal Protection Clause cannot apply to him because the Fourteenth Amendment does not apply against the District of Columbia.  See Bolling v. Sharpe, 347 U.S. 497, 498-99 (1954) (holding the Equal Protection Clause of the

---

[2]     For example, it is common knowledge that SunTrust Bank, Nationwide Mutual Insurance Company, Sears, Roebuck and Company, and AAA Mid-Atlantic are private entities, and not part of any state government.  The same obviously is true of Lindsay Cadillac, Fitzgerald Cadillac, Capitol Cadillac, and College Park Honda.

Fourteenth Amendment applies only to states and not to the District of Columbia). The motions to dismiss of all of the defendants in this case except for Prince George's County, Maryland, therefore, are granted on the ground that the Court lacks subject matter jurisdiction over them as non-state actors for purposes of the Equal Protection Clause of the Fourteenth Amendment.[3]

## 2.   Failure to State a Claim

Upon examination of the complaint, the Court further holds that defendant's complaint, as pled against the non-state actor defendants and the Attorney General of the District of Columbia fails to state a claim under  the Equal Protection Clause of the Fourteenth Amendment.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume the truth of the facts alleged in the complaint, and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief.  Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  The complaint is construed liberally in plaintiff's favor, and the Court should grant plaintiff the benefit of all inferences that can be derived from the facts alleged.  Kowal v. MCI

---

[3]        The only defendant in this case not to have filed a motion to dismiss is "Shearton Broadway Plantation."  It is unclear from the docket whether plaintiff ever properly served this defendant.  Doing a Google internet search, the Court discovered that in Myrtle Beach, South Carolina, there is a *Sheraton* Broadway Plantation Resort that appears to advertise timeshares. This is apparently the defendant that plaintiff has named in his complaint, although the name is misspelled.  See Complaint ¶¶ 5-6 (alleging that plaintiff was sold a time share in South Carolina by "Shearton Broadway Plantation").  The Court will take judicial notice of the fact that this defendant is another private entity and dismiss Sheraton Broadway Plantation sua sponte from this case for lack of subject matter jurisdiction.

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail

Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001).  Nonetheless, the Court need not accept factual

inferences drawn by the complainant if those inferences are not supported by facts alleged in the

complaint, nor must the Court accept the complainant's legal conclusions.  See Western

Associates, Ltd. v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001);  National

Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996);  Kowal v.

MCI Communication Corp., 16 F.3d at 1276.  The Court need not await a formal motion under

Rule 12(b)(6), but may, on its own initiative, dismiss a complaint for failure to state a claim.  See

Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994) (quoting Baker v. Director, United States Parole

Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam); 5B CHARLES ALAN WRIGHT AND

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 409 n. 4 (3d ed. 2004).[4]

Plaintiff's Equal Protection claims against all defendants, except for Prince George's County,

therefore are dismissed from this action on the alternative grounds that plaintiff has failed to state

a claim upon which relief can be granted under the Equal Protection Clause.

There is but a single claim against a single defendant that was not brought

pursuant to the Equal Protection Clause of the Fourteenth Amendment.  In Paragraph 7 of his

complaint, plaintiff alleges that the District of Columbia (whose representative he has designated

to be Mr. Spagnoletti) allegedly denied him a trial by jury, which he asserts constituted extortion,

racketeering, and a violation of the Truth in Lending Law.  This claim has no basis in any law of

which the Court is aware.  It therefore also will be dismissed as failing to state a claim upon

---

[4]       The Court sua sponte dismisses the claim with respect to defendant Sheraton
Broadway Plantation, which has not filed a motion to dismiss (or appearance) in this matter.

which relief can be granted pursuant to Rule 12(b)(6).

          The Court will take this opportunity to note that it would dismiss plaintiff's complaint with regard to most, if not all, of the defendants on yet another ground under Rule 12(b)(6) had it not already concluded that it must dismiss for lack of subject matter jurisdiction and failure to state a Fourteenth Amendment Equal Protection claim. The complaint is wholly inadequate to place the defendants on notice of what claims the plaintiff brings against them. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a)  While *pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, see <u>Amiri v. Hilton Washington Hotel</u>, 360 F. Supp.2d 38, 41-42 (D.D.C. 2003); <u>see also</u> <u>Gray v. Poole</u>, 275 F.3d 1113, 1116 (D.C. Cir. 2002), a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions in the form of factual allegations.'" <u>Caldwell v. District of Columbia</u>, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting <u>Henthorn v. Dept. of Navy</u>, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.'" <u>Id</u>. (citing <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

          Even under the most generous reading, Mr. Price fails to mention in the body of the complaint at least four of the 15 defendants named in the caption of the complaint – Dimension Health Care System, American Honda Motor Company, Fitzgerald Cadillac, and SunTrust Bank. Of those defendants that are mentioned by name, the allegations regarding them

are extremely brief and not clearly stated, so as to put them on notice of what Mr. Price alleges them to have done.  For instance, the totality of the allegations against defendants Lindsay Cadillac and Capitol Cadillac in the complaint are that a Lindsay Cadillac "manager made Harmfull [sic] Statement About What Capitol Cadillac told her on telephone."  Complaint at ¶ 4. It is difficult to determine exactly what the nature of Mr. Price's claim is against either defendant in the context of this paragraph of the complaint, dealing as it does in its first half with a warranty policy sold by AAA and a "P.A. Insurance Department."  Id.  Paragraph 9 of Mr. Price's complaint focuses on a car accident that took place in 1994 and the subsequent claims filed regarding that accident in the District Court of Maryland.  On the face of the claim, it would appear that the claim is precluded from being brought in this Court and that the statute of limitations on most statutes under which the Court could conceive of this claim being brought should have run out long ago.

Inasmuch as the Court has already concluded that it lacks subject matter jurisdiction and that the plaintiff has failed to state a claim upon which relief can be granted with respect to fourteen of the fifteen defendants in this case,  the Court will not address the plaintiff's complaint with respect to each defendant.  It will, however, admonish Mr. Price that he should not continue to file complaints with this Court using language from previous opinions dismissing his claims in an attempt to create jurisdiction over the new claims.  The resources of the federal courts should not be taxed by the filing of these wholly inadequate and largely redundant complaints against multiple defendants that find no basis in law and provide no basis of fact.

3.   Prince George's County Attorney's Motion to Dismiss

Plaintiff alleges that defendant "Prince George's County Attorney Murphy" filed suit in order to receive payment for a Medicare bill that he claims had already been paid in full. Complaint at ¶3.  Defendant Prince George's County Attorney moves to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), arguing a lack of personal jurisdiction and failure to state a claim because Prince George's County Attorney is not a person with the capacity to be sued, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure.  Prince George's County Attorney's Memorandum in Support Motion to Dismiss ¶ 3.  Rather, the defendant argues that under Maryland law, the corporate name that is "designated in all actions and proceedings touching its rights, powers, properties, liabilities, and duties" is "Prince George's County Maryland."  Id. Because the Court has granted the plaintiff's motion to change the defendant and substitute Prince George's County, Maryland as the defendant, the motion will be denied as moot.

The Court takes note here, once again, that in Mr. Price's later filing, the "Affidavits," he states that he believes John M.G. Murphy is the Prince George's County Attorney (which Mr. Murphy has denied in his motion to dismiss) and further states that the suit in question was filed against his wife Alice Price.  Plaintiff's Affidavits at 1-2.  While these statements do not appear on the face of the complaint, and therefore do not alone create sufficient cause to dismiss it at this stage, Mr. Price appears to have both an incorrect understanding of what party filed suit against him and negated his own status as the proper party plaintiff because it was his wife who was sued.  Again, this issue has been dealt with previously in a lawsuit filed by Mr. Price in this same Court.  In that case Court found that he was not the proper party to

17

bring suit when it was his wife who had suffered the alleged injury.  <u>Price v. Crestar Securities</u>

<u>Corp.</u>, 44 F.Supp. 2d 351, 354-55 (D.D.C. 1999).

 A separate Order consistent with this Opinion shall issue this same day.

 SO ORDERED.


       _____/s/_____
       PAUL L. FRIEDMAN
DATE:  March 31, 2006  United States District Judge